**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE ENRIQUE HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 2:20-cv-09698-SB (AFM)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |

Petitioner is a federal prisoner serving a sentence imposed by the United States District Court for the Southern District of Florida. He is currently incarcerated in the Federal Correctional Institute in Williamsburg, South Carolina. (*See* ECF No. 1 at 1, 18.) On October 20, 2020, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The petition challenges Petitioner's attempted murder conviction in Los Angeles County Superior Court case number BA245298. (ECF No. 1 at 1.) For the following reasons, it appears that the petition is subject to dismissal.

To obtain relief under section 2254, a petitioner must be "in custody" as a result of the conviction or sentence he wishes to challenge. 28 U.S.C. § 2254(a). The custody requirement is jurisdictional. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir.

2010). A petitioner is not in custody if the sentence imposed for the challenged conviction has fully expired at the time the habeas corpus petition is filed. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). Further, once a petitioner is unconditionally released, the collateral consequences of the conviction are not sufficient to render the petitioner in custody for the purposes of habeas corpus. *Maleng*, 490 U.S. at 492. This Court lacks jurisdiction over a petition challenging a state conviction filed after the sentence imposed on that conviction has expired. *Maleng*, 490 U.S. at 491-492; *see Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.")

According to the petition, Petitioner pleaded guilty to attempted murder in Los Angeles Superior Court in 2004, and was sentenced to a nine-year prison term. (ECF No. 1 at 1.) Pursuant to the plea agreement, the California sentence was ordered to be served concurrently with a federal sentence that Petitioner already was serving. (ECF No. 1 at 9-11.) Petitioner's nine-year sentence would have expired sometime in 2013.[1] Thus, it appears that he is no longer in custody based on his conviction in case number BA245298. Consequently, Petitioner cannot challenge that conviction in a section 2254 petition.

Furthermore, even where a prior conviction is "later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 401, 403-404. There are limited exceptions to this rule including, for example, when the conviction was obtained in violation of the

---

[1] Although Petitioner alleges that trial counsel "erroneously" advised him that the sentence would expire prior to his federal sentence (ECF No. 1 at 10), he does not explain how the advice was erroneous. More importantly, Petitioner does not allege that he is currently serving, or will later serve, the California sentence.

right to the appointment of counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 404-405.

Petitioner does not allege that his conviction in Case No. BA245298 was used to enhance his current federal sentence. Moreover, Petitioner's allegation that his trial counsel provided ineffective assistance in advising him to enter a guilty plea likely would not constitute a *Lackawanna* exception. *See, e.g., Withers v. Rackley*, 2019 WL 3720098, at *6 (C.D. Cal. June 27, 2019) (petitioner's argument that "he effectively was without counsel because his counsel allegedly stopped working for him and became an 'agent of the state,' as evidenced by counsel's assertedly ineffective representation before and during the plea proceedings" did not meet *Lackawanna* exception), *report and recommendation adopted*, 2019 WL 3718779 (C.D. Cal. Aug. 5, 2019); *Sanchez v. Hedgpeth*, 706 F. Supp. 2d 963, 991-992 (C.D. Cal. 2010) (*Lackawanna* foreclosed claim alleging that prior conviction used to enhance sentence was based on an involuntary guilty plea).[2]

In light of the foregoing, it appears the Court lacks jurisdiction over this petition.

\* \* \*

Accordingly, **Petitioner is ordered to show cause on or before November 27, 2020 why this action should not be dismissed without prejudice for lack of jurisdiction.** Specifically, Petitioner must explain how his 2004 conviction affects his current or future custody.

---

[2] Furthermore, even if Petitioner raised a challenge to his federal sentence as enhanced by the state conviction and was able to fall within a *Lackawanna* exception, this Court would lack jurisdiction to consider it. Instead, Petitioner would have to file a section 2255 petition in the sentencing court – that is, the United States District Court for the Southern District of Florida. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see also Quintana v. Lundgren*, 368 F. Supp. 2d 1056, 1057–1058 (C.D. Cal. 2005) ("When a federal prisoner purports collaterally to challenge a fully expired conviction used to enhance a federal sentence currently being served, courts often recharacterize the petition as a section 2255 motion attacking the current sentence.").

**Petitioner is cautioned that his failure to timely file a response to this Order may result in the dismissal of this petition without prejudice for lack of jurisdiction or for failure to prosecute and failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); C.D. Cal. Local Civil Rule 41-1.

**IT IS SO ORDERED.**

DATED: 10/27/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE